UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 21-5038 |
| Case Name | Cyprus Amax Minerals Company v. TCI Pacific Communications, LLC |
| Party or Parties Filing Notice of Appeal Or Petition | TCI Pacific Communications, LLC |
| Appellee(s) or Respondent(s) | Cyprus Amax Minerals Company |
| List all prior or related appeals in this court with appropriate citation(s). | |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: March 31, 2021

2. Date notice of appeal was **filed**: April 30, 2021

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days per Fed. R. App. P. Rule 4(a)(1)(a)

    **a.** Was the United States or an officer or an agency of the United States a party below? No

    **b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   April 28, 2021 ____________________

   **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

   No ____________________

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes ____________

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   ____________________

   **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? ____________________

   **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? ____________________

6. Cross Appeals.

   **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   ____________________

   **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). ____________________

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

**1.** Date of the order to be reviewed: ______________________________

**2.** Date petition for review was filed: _____________________________

**3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: ________________

**4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): __________________________________

**C.** **APPEAL OF TAX COURT DECISION**

**1.** Date of entry of decision appealed:_____________________________

**2.** Date notice of appeal was filed:________________________________
(If notice was filed by mail, attach proof of postmark.)

**3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): ___________________________________

**4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____________________________________________

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? ______________________________

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? ______________________________

**C.** Describe the sentence imposed. ______________________________

______________________________________________________________

**D.** Was the sentence imposed after a plea of guilty? ______________________

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_________________

**F.** Is the defendant on probation or at liberty pending appeal? ______________

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?____________________________

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

In the early part of the twentieth century, two zinc smelter companies operated approximately one (1) mile south of Collinsville, Oklahoma. As the successor to one of those smelter companies, Cyprus Amax Minerals Company ("Plaintiff") is responsible for the environmental liabilities associated with one of the smelter sites (the "BZ Smelter Site"). The other zinc smelter site (the "TFMC Smelter Site") was owned and operated by the Tulsa Fuel and Manufacturing Company ("TFMC"), which was dissolved in 1926. This case involves contribution claims brought by Plaintiff under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. § 9601, *et seq*., ("CERCLA") against TCI Pacific Communications, LLC ("Defendant") relating to Plaintiff's investigation and remediation of contamination at a third site: the Collinsville Town Site.

Because of the dissolution of TFMC, Plaintiff cannot pursue its claims against TFMC or any alleged successor to TFMC. Therefore, Plaintiff developed a theory of recovery predicated upon allegations that: (a) TFMC was a subsidiary of, and "alter ego" to, the New Jersey Zinc Company ("NJZ"), and (b) Defendant is the successor to the liabilities of NJZ. The District Court granted Plaintiff's Motion for Partial Summary Judgment on veil-piercing in 2015 and conducted a bench trial on liability issues in 2018. On March 31, 2021, the District Court entered Findings of Fact and Conclusions of Law, a Judgment awarding Plaintiff $14,265,070.20 in damages, and a declaratory judgment that Defendant is liable for 45% of future response costs, if any, at the Collinsville Town Site.

On April 28, 2021, Defendant filed a Motion to Amend Findings of Fact Pursuant to Fed. R. Civ. P. 52(b) and this post-judgment Motion is still pending before the District Court. *See* Doc. No. 337.

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

1. Whether the District Court erred as a matter of law and/or abused its discretion in granting Plaintiff's Motion for Partial Summary Judgment and in denying Defendant's Motion for Summary Judgment in the District Court's February 2, 2015 Order on veil-piercing/alter ego status.

2. Whether the District Court erred as a matter of law and/or abused its discretion by denying Defendant's Motion to Declare the Temporal Scope of the Court's February 2, 2015 Order on Alter Ego Status.

3. Whether the District Court erred as a matter of law in its construction of CERCLA, 42 U.S.C. §9607 and §9613.

4. Whether the District Court erred as a matter of law and/or abused its discretion in determining that the TFMC Smelter Site is part of the same "facility" as the Collinsville Town Site for purposes of imposing CERCLA liability on Defendant.

5. Whether the District Court erred as a matter of law and/or abused its discretion in finding TFMC and NJZ liable as former owners and/or operators of the Collinsville Town Site.

6. Whether the District Court erred as a matter of law and/or abused its discretion in finding NJZ liable as a former owner and/or operator of the TFMC Smelter Site.

7. Whether the District Court erred as a matter of law and/or abused its discretion in determining that Plaintiff is entitled to a presumption of compliance with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP").

8. Separate from the presumptive compliance issue, whether the District Court abused its discretion in determining that Plaintiff met its burden of demonstrating compliance with the NCP.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: Paula M. Jantzen, Mark D. Coldiron, and Paul Steinman

Telephone: (405) 239-6040 and (212) 883-4924

Firm: RYAN WHALEY and COZEN O'CONNOR

Email Address: pjantzen@ryanwhaley.com

mcoldiron@ryanwhaley.com

psteinman@cozen.com

Address: Ryan Whaley

400 N. Walnut, Oklahoma City, OK 73104

Cozen O'Connor

One Oxford Centre

301 Grant Street 41st Floor, Pittsburgh, PA 15219

*/s/ Paula M. Jantzen* — May 14, 2021

Paula M. Jantzen - Signature — Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

## CERTIFICATE OF SERVICE

I, Paula M. Jantzen, attorney for Appellant, hereby certify that on May 14, 2021, I electronically filed the foregoing Docketing Sheet using the court's CM/ECF system which will send notification of such filings to counsel for Cyprus Amax Minerals Company as follows:

Timothy J. Bomhoff: tim.bomhoff@mcafeetaft.com
Cathleen M. Devlin: cathleen.devlin@saul.com
Patrick M Hromisin: phromisin@saul.com
Amy L. Piccola: apiccola@saul.com
Christina D. Riggs: criggs@saul.com
Mr. Michael F. Smith: michael.smith@mcafeetaft.com
John F. Stoviak: John.Stoviak@saul.com

*/s/ Paula M. Jantzen*

Paula M. Jantzen
Attorney for TCI Pacific Communications, LLC
RYAN WHALEY
400 N. Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
pjantzen@ryanwhaley.com